STATE of Missouri, Respondent,

v.

Randy G. DUNN, Appellant.

No. 73569.

Supreme Court of Missouri,
En Banc.

Oct. 16, 1991.

Rehearing Denied Nov. 19, 1991.

John A. Klosterman, St. Louis, for appellant.

William L. Webster, Atty. Gen., Geoffrey W. Preckshot, Asst. Atty. Gen., Jefferson City, for respondent.

COVINGTON, Judge.

A jury found Randy G. Dunn guilty of selling marijuana. The trial court sentenced Dunn to a term of six years imprisonment. The Missouri Court of Appeals, Southern District, reversed the conviction and remanded the cause for a new trial, finding that admission of testimony of a law enforcement officer regarding information received from an informant constituted prejudicial error. This Court granted transfer. The judgment of the trial court is affirmed.

The evidence, viewed in the light most favorable to the verdict, shows that on April 4, 1988, Alvin Chastain, a police informant, contacted Springfield police officer Dennis Lewis. Chastain told Lewis that appellant, Randy Dunn, and his brother, Jeff Dunn, would be returning to Chastain's home shortly with marijuana to sell. Wearing a wire, Lewis, accompanied by Detective Carrington, went to Chastain's home to make an undercover buy.

When the officers arrived, Jeff Dunn and Randy Dunn, Alvin Chastain and his wife, and some small children were present at Chastain's apartment. After a few minutes of inconsequential conversation, Jeff Dunn handed two bags of marijuana to Chastain, who passed them to Officer Lewis. When the officer inquired regarding the cost of the marijuana, Randy Dunn informed Lewis that the price was eighty dollars. Lewis produced the cash and asked, "Who wants the money?" Randy Dunn replied, "I'll take it." He accepted the money from Lewis and, after a few

minutes, the Dunn brothers left the apartment.

At trial appellant testified and denied both participating in the sale and making the statement ascribed to him by Officer Lewis.

It is appropriate first to address the question upon which the Court granted transfer. Appellant claims that the trial court erroneously overruled appellant's objection to Officer Lewis's testimony that Alvin Chastain told Lewis that Jeff and Randy Dunn were at Chastain's apartment attempting to sell marijuana.

Appellant's point fails accurately to reflect the record regarding the time that appellant lodged his objection. The statement of which appellant complains is contained in the following portion of Officer Lewis's testimony:

(by Mr. Cleek, Prosecutor)

Q: All right, I'm going to direct your attention to the fourth day of April because we've already talked about it, and I ask you on that date, did you have an occasion to come into contact with an individual later known to you as Randy Dunn?

A: Yes, sir, I did.

Q: Where was that contact?

A: 700 East Walnut.

Q: Is that here in Greene County?

A: Yes, sir, it is.

Q: That's here in Springfield, as a matter of fact?

A: Yes, sir, it is.

Q: Why were you at that location?

A: I'd been contacted by an informant who stated that—

(by Ms. Bock): Objection, your Honor, hearsay.

THE COURT: Objection is overruled.

A: Stated that Randy and Jeff Dunn had been at his house earlier with some marijuana for sale and that they would return in thirty minutes if I was interested.

(by Mr. Cleek): Who was that informant?

A: Alvin Chastain.

As appellant concedes, statements made by out-of-court declarants that explain subsequent police conduct are admissible, supplying relevant background and continuity. *State v. McRoberts*, 485 S.W.2d 70, 73 (Mo.1972). In resolution of the claim of trial court error, it is necessary first to examine the questions posed to the officer, as well as his responses. The series of questions asked by the prosecutor simply led to an explanation of the officer's presence at the location of the criminal activity. The questions were not improper questions; they allowed Officer Lewis to describe his actions: Q—"Why were you at that location?" A—"I'd been contacted by an informant who stated that—." The officer's explanation at the point of objection was not inadmissible. The trial court did not err in overruling counsel's objection.

As for the admission of the following testimony, that Randy and Jeff Dunn had been at Chastain's house earlier attempting to sell marijuana, it is not possible to convict the trial court of error. The initial testimony, as reflected above, was admissible. The nature of subsequent testimony was not the court's responsibility to foresee. Appellant did not seek a conference outside the hearing of the jury to determine the nature of the remainder of the response that would be elicited upon the prosecutor's question. Even more significantly, appellant did not request, after the question had been answered, that the statement to which appellant now objects be stricken and the jury instructed to disregard it. *See State v. Carter*, 641 S.W.2d 54, 60 (Mo. banc 1982), *cert. denied*, 461 U.S. 932, 103 S.Ct. 2096, 77 L.Ed.2d 305 (1983). The court, therefore, was not given an opportunity to consider corrective action, assuming, without deciding, that corrective action was required. When evidence is relevant but parts of it are claimed to be prejudicial, the attorney objecting has a duty to ask the court for specific relief from the prejudicial portion of the evidence. *City of Kansas City v. Johnston*, 778 S.W.2d 321, 324 (Mo.App.1989). Failure to do so precludes appellate review.[1]

---

1. The holding on this point should not be taken to suggest that prosecutors may with impunity

■ Appellant raises additional points. He argues that he is unable to obtain full and fair appellate review because the state's tape recording of appellant's conversation with the undercover officers at the time of the drug transaction is no longer available. Apparently, the Springfield police department destroyed the tape after trial but before the filing of the record on appeal. The audio tape was admitted into evidence, without objection, as part of the state's case in chief and was played for the jury. Unfortunately, the tape was not transcribed.

Although destruction of evidence, even though inadvertent, is without justification, appellant's contention is without merit. Initially this Court notes that appellant has not asked for review of any point to which the content of the tape is relevant. Appellant claims he is disadvantaged in this regard as a consequence of the unavailability of the tape, but his mere speculation that the tape might be of assistance to him on appeal provides no basis for meaningful appellate review. *See State v. Williams*, 546 S.W.2d 533, 537 (Mo.App.1977). It is appellant's responsibility to prepare a complete record on appeal. Assuming, *arguendo*, that the tape was relevant, appellant is not entitled to a new trial unless he attempts otherwise to obtain the substance of material omitted from the record by consulting the appropriate trial participants and then establishes prejudice as a result of the inability to present a complete record. *See State v. Borden*, 605 S.W.2d 88, 91–2 (Mo. banc 1980). Appellant has not met his burden in this regard. He does not suggest that he attempted by any means to acquire the substance of the missing tape and his claim of prejudice is without support.

Appellant next argues that the trial court impermissibly restricted cross-examination of Officer Lewis in violation of appellant's Confrontation Clause rights under the Sixth and Fourteenth Amendments of the United States Constitution and Art. I,

§ 18(A) of the Missouri Constitution. He makes two contentions in this regard. Appellant first contends that the trial court's refusal to allow cross-examination of Lewis regarding Alvin Chastain's possible bias or motive in providing information to law enforcement officers deprived appellant of effective cross-examination.

■ Both the United States and the Missouri Constitutions guarantee criminal defendants the right to confront their accusers and conduct cross-examination. The right, however, is not without limitation. The defendant must be given "an opportunity for effective cross-examination, [but] not cross-examination that is effective in whatever way, and to whatever extent, the defense might wish." *Kentucky v. Stincer*, 482 U.S. 730, 739, 107 S.Ct. 2658, 2664, 96 L.Ed.2d 631 (1987), *quoting Delaware v. Fensterer*, 474 U.S. 15, 20, 106 S.Ct. 292, 294, 88 L.Ed.2d 15 (1985). "It is sufficient that the defendant has the opportunity to bring out such matters as the witness's bias, his lack of care and attentiveness, his poor eyesight, and even … the very fact that he has a bad memory." *United States v. Owens*, 484 U.S. 554, 559, 108 S.Ct. 838, 842, 98 L.Ed.2d 951 (1988).

■ There is no question that appellant was entitled to engage in reasonable cross-examination bearing upon Officer Lewis's bias or motive for testifying against appellant. *See Davis v. Alaska*, 415 U.S. 308, 316–17, 94 S.Ct. 1105, 1110–11, 39 L.Ed.2d 347 (1974); *State v. Johnson*, 700 S.W.2d 815, 817 (Mo. banc 1985), *cert. denied*, 476 U.S. 1119, 106 S.Ct. 1980, 90 L.Ed.2d 663 (1986). Appellant's right to cross-examine Lewis regarding matters bearing on Chastain's credibility, however, is an entirely different issue. Questions related to the state's arrangement with the informant or the officer's prior dealings with the informant were irrelevant and were, therefore, properly excluded. *See State v. Lockhart*, 507 S.W.2d 395, 397 (Mo.1974); *Martinez v. Sullivan*, 1989 WL 63103, 2 (S.D.N.Y.), *aff'd without publish-*

---

elicit hearsay information received from an informant, particularly when the statement directly proves an issue crucial to the state's burden

of proof and is offered for the truth of the matter asserted.

ed opinion, 914 F.2d 240 (2d Cir.1990). Even where questions regarding other persons are relevant to establishing some element of the defense, it is within the trial court's discretion to restrict cross-examination. *See e.g., United States v. Williams,* 604 F.2d 1102, 1118–19 (8th Cir.1979); *State v. Knicker,* 424 S.W.2d 605, 606 (Mo. 1968). Furthermore, no prejudice resulted from the trial court's restriction; the offer of proof reflects that all of the evidence appellant sought to elicit, save the sentence the informant was facing, was before the jury through other testimony. *See, e.g., Wapelhorst v. Lindner,* 269 S.W.2d 865, 869 (Mo.1954); 5A C.J.S. *Appeal and Error* § 1749 (1958).

Appellant's second contention concerning cross-examination of Officer Lewis relates to appellant's theory of defense by attempt to disassociate himself from participation in the transaction. During cross-examination appellant asked Officer Lewis whether it was true that Jeffrey Dunn had contacted Officer Lewis on other occasions wanting to sell marijuana. The prosecutor objected on the ground of irrelevancy. Through offer of proof to inform the court of the nature of the proffered testimony, counsel stated that the fact that Jeffrey Dunn sold marijuana twice to Officer Lewis was relevant to the charge of whether or not Randy Dunn was a participant in the offense on April 4, 1988, and further urged that Jeffrey Dunn's "criminal propensity to sell dope" was at issue in the trial. On appeal appellant contends he should have been permitted to show that Lewis reached an incorrect conclusion that appellant had participated with his brother on the date in question.

■ The trial court did not err in sustaining the state's objection to appellant's cross-examination of Officer Lewis. The scope of cross-examination and the determination of matters that may bear on a witness's credibility are largely within the discretion of the trial court. *See State v. Johnson,* 486 S.W.2d 491, 496 (Mo.1972); *State v. Jackson,* 768 S.W.2d 614, 616 (Mo. App.1989), citing *State v. Williams,* 492 S.W.2d 1 (Mo.App.1973). Among the reasons for permitting trial judges wide latitude for the purpose of imposing reasonable limits on cross-examination are concerns about prejudice, confusion of the issues, and interrogation that is only marginally relevant. *Delaware v. Van Arsdall,* 475 U.S. 673, 680, 106 S.Ct. 1431, 1435–36, 89 L.Ed.2d 674 (1986); *United States v. Shyres,* 898 F.2d 647, 655 (8th Cir.) *cert. denied,* —— U.S. ——, 111 S.Ct. 69, 112 L.Ed.2d 43 (1990). Since Jeffrey Dunn was neither on trial in this case nor was he a witness, the trial court could properly have concluded that testimony regarding unrelated drug transactions involving Jeff Dunn would be irrelevant, or only marginally relevant, and would confuse the issues presented to the jury.

. The judgment of the trial court is affirmed.

ROBERTSON, C.J., RENDLEN, HOLSTEIN, BLACKMAR and BENTON, JJ., and SMITH, Special Judge, concur.

THOMAS, J., not participating because not a member of the Court when case was submitted.