STATE of Missouri, Plaintiff–Respondent,

v.

Crystal McKEEHAN, Defendant–Appellant.

No. 17565.

Missouri Court of Appeals, Southern District, Division Two.

Feb. 5, 1992.

Melinda K. Pendergraph, Columbia, for defendant-appellant.

William L. Webster, Atty. Gen., Breck K. Burgess, Asst. Atty. Gen., Jefferson City, for plaintiff-respondent.

FLANIGAN, Chief Judge.

A jury found defendant Crystal McKeehan guilty of selling a controlled substance, § 195.211,[1] RSMo Supp.1990, and she was sentenced to five years' imprisonment. Defendant appeals.

---

1. Except where otherwise indicated, all references to statutes are to RSMo 1986, V.A.M.S.,

Defendant does not challenge the sufficiency of the evidence to support the conviction. The state's evidence showed that on April 26, 1990, defendant sold methamphetamine to Dennis Bounds, a Joplin police officer, who was working undercover. The case was tried on March 25, 1991. Defendant, testifying in her own behalf, stated that she was 20 years old. She denied making the sale or being present when the sale took place.

With exceptions not applicable here, Rule 29.11(d) reads, in pertinent part: "In jury tried cases, allegations of error to be preserved for appellate review must be included in a motion for new trial." None of defendant's first three points was included in her motion for new trial. Review of these unpreserved points is limited to the standard of plain error. Plain error exists only when the court finds that a manifest injustice or a miscarriage of justice has occurred. Rule 30.20; *State v. McMillin,* 783 S.W.2d 82, 95 (Mo. banc 1990).

The only witness for the state was Officer Bounds who testified that he purchased a plastic bag and its contents from defendant for $75. The parties stipulated that the bag contained the controlled substance. Without objection, Bounds testified that prior to going to the house where the sale took place, he received a call from a confidential informant who told him that defendant was at her residence and had "¾ grams" of the controlled substance for sale for $75.

■ Defendant's first point is that the trial court plainly erred in allowing officer Bounds to testify concerning the foregoing information received from the confidential informant because the testimony was hearsay and defendant was prejudiced because the challenged evidence bolstered Bounds' testimony.

"[S]tatements made by out-of-court declarants that explain subsequent police conduct are admissible, supplying relevant background and continuity." *State v. Dunn,* 817 S.W.2d 241, 243[1] (Mo. banc 1991). In *Dunn* the court held it was

and all references to rules are to Missouri Rules of Court, V.A.M.R.

proper for a prosecutor to ask an officer why he was at the location where an unlawful sale of a controlled substance occurred. The court also held that the officer's answer to the effect he had been contacted by an informant "was not inadmissible."

Defense counsel, in *Dunn*, objected to the contents of the informant's statement but did not request, after the question had been answered, that the statement be stricken. The court said, at 243: "When evidence is relevant but parts of it are claimed to be prejudicial, the attorney objecting has a duty to ask the court for specific relief from the prejudicial portion of the evidence. Failure to do so precludes appellate review."

In *Dunn* the alleged informant was identified and was present at the sale but did not testify. Here the informant was not named and was not present, and no objection was made. This court finds no plain error. Defendant's first point has no merit.

■ Defendant's second point is that the trial court committed plain error in overruling defendant's challenge for cause directed to venireman Carl McCall, "in that McCall was a probation officer who had personal knowledge of the Department of Probation and Parole's Guidelines for paroling inmates and of how much time a convicted defendant would actually serve before being eligible for parole." During voir dire examination, McCall stated that he was a probation officer and he knew "all the attorneys in the county," including the assistant prosecutor who represented the state and the assistant public defender who represented defendant. McCall stated that that fact would not make it difficult or impossible for him to sit on the jury and give both the state and the defendant a fair and impartial trial. Later, outside the presence of the other panel members, McCall stated that he worked somewhat closely with the Department of Corrections and had "personal knowledge as to sentencing, what a sentence is really worth as opposed to the numerical value given the person." After defendant's challenge for cause had

been denied, defendant used a peremptory challenge to remove McCall.

■ A defendant is entitled to a full panel of qualified jurors before making peremptory challenges and even though an unqualified juror does not actually serve, it is prejudicial error to fail to sustain a meritorious challenge for cause. *State v. Schnick*, 819 S.W.2d 330, 333[1, 2] (Mo. banc 1991). The trial court has wide discretion in determining the qualifications of a venireman, and its decision thereon will not be disturbed absent a clear abuse of discretion and real probability of injury to the complaining party. *State v. Smith*, 649 S.W.2d 417, 422[5] (Mo. banc 1983). "A clear line cannot be drawn for all cases as to when a challenge for cause should be sustained; there will be instances in which an appellate court might have done differently but cannot say there was an abuse of discretion." *Id.* A determination by the trial judge of the qualifications of a prospective juror necessarily involves a judgment based on observation of his demeanor and, considering that observation, an evaluation and interpretation of the answers as they relate to whether the venireman would be fair and impartial if chosen as a juror. *Id.* Doubts as to the trial court's findings will be resolved in its favor. *Id.*

In *State v. Wheat*, 775 S.W.2d 155 (Mo. banc 1989), an appeal from a felony conviction, defendant asserted that the trial court erred in denying his challenge for cause to a venireman who had been employed by the Missouri Department of Corrections for nearly 20 years and had served in various positions, including that of correctional officer. The supreme court held that the trial court did not abuse its discretion in denying the challenge for cause.

This court holds that the trial court did not commit plain error in denying the challenge for cause. Defendant's second point has no merit.

■ Defendant's third point is that the trial court erred in giving Instruction 4, based on MAI–CR 3d 302.04, because it improperly defined "proof beyond a reasonable doubt," and "allowed the jury to find

defendant guilty based on a degree of proof below that required by due process."

The same attack has been made previously upon MAI–CR 3d 302.04 and its predecessor, MAI–CR 2d 2.20, and has been uniformly rejected. *State v. Griffin,* 818 S.W.2d 278, 282[7] (Mo. banc 1991); *State v. Antwine,* 743 S.W.2d 51, 62–63[12] (Mo. banc 1987); *State v. McIntire,* 819 S.W.2d 411, 413[5] (Mo.App.1991). The trial court did not commit error, plain or otherwise, in giving Instruction 4. Defendant's third point has no merit.

■ Defendant's fourth point is directed to a portion of the prosecutor's closing argument and the failure of the trial court "to declare a mistrial, sua sponte" on the basis of that argument. No objection was made to the argument, but defendant did mention the matter in his motion for new trial. Defendant requests plain error review. See *State v. Hayes,* 624 S.W.2d 16, 20[8] (Mo.1981).

> [R]elief should be rarely granted on assertions of *plain error* as to closing argument, for where no objection was lodged, trial strategy is an important consideration and such assertions are generally denied without explication. This because the absence of objection, request for admonishment to disregard, or for other relief narrows the trial court's options, requiring uninvited interference with summation and a corresponding increase of the risk of error by such intervention.

*State v. Newlon,* 627 S.W.2d 606, 616 (Mo. banc 1982) (citing authorities).

Defense counsel, in his final argument, made several references to the defendant as a young woman "not that different than many other young women." Defense counsel also said, "There is a lot of talk these days about this country waging a drug war.... Just because somebody has termed it a drug war does not mean that martial law has been imposed, and citizens charged with crimes no longer have any rights. She does have a right. She does still have her constitutionally guaranteed rights." These remarks preceded the challenged remarks of the prosecutor.

Defendant challenges the following statements by the prosecutor: "You members of the community of Jasper County, do you want drugs like this on our streets? Do you want people 21 years of age, 20 years of age selling these drugs? She is young, and what's even scarier is that she's young enough to get involved with people who are her age or even younger.... I want you to ask yourselves how we are— we do have a war against drugs now. We've seen how it affects families. You've seen how it affects adolescents, teenagers. The question is, do you want these drugs on your streets? Do you want these drugs in your community? This isn't a simple possession case where she just had these drugs for her own personal use. She was selling these drugs. This time she sold to an undercover officer, and she was caught. The question is, what do you want to do about it? How are we going to punish these people?"

The prosecutor's remarks were in rebuttal to matters raised by defense counsel. This court holds the trial court did not commit plain error in failing to declare a mistrial, sua sponte, on the basis of the prosecutor's remarks. Defendant's fourth point has no merit.

The judgment is affirmed.

MAUS and MONTGOMERY, JJ., concur.