STATE of Missouri, Respondent

v.

Vornell PARKER, Appellant.

Vornell PARKER, Appellant,

v.

STATE of Missouri, Respondent.

No. 74517.

Supreme Court of Missouri,
En Banc.

June 29, 1993.

William J. Swift, Office of the State Public Defender, Columbia, for appellant.

Jeremiah W. (Jay) Nixon, Atty. Gen., David B. Cosgrove, Asst. Atty. Gen., Jefferson City, for respondent.

COVINGTON, Judge.

In *State v. Parker*, 836 S.W.2d 930 (Mo. banc 1992), (*Parker I*) this Court remanded for a hearing to determine whether the prosecutor used the state's peremptory strikes in a discriminatory manner, thus violating *Batson v. Kentucky*, 476 U.S. 79, 106 S.Ct. 1712, 90 L.Ed.2d 69 (1986), and *State v. Antwine*, 743 S.W.2d 51 (Mo. banc 1987). The Court reserved review of appellant's remaining points on appeal. On Feb-

ruary 5, 1993, the trial court held an evidentiary hearing pursuant to the instructions delineated in *Parker I.* The trial court found that the prosecutor's peremptory strikes were not racially discriminatory and not in violation of *Batson.* Affirmed.

The parties filed supplemental briefs addressing the matters adjudicated at the evidentiary hearing on the *Batson* issue. Appellant specifically alleges that the motion court clearly erred in finding that the prosecutor's reasons for peremptorily striking African–American venireperson Gwendolyn Brown were not racially motivated, when a similarly situated white venireperson, Leonard Spath, was not peremptorily struck by the prosecutor.

It is unnecessary unduly to extend this opinion by reciting the reasons given by the state for striking venireperson Brown. The motion court found the reasons were race-neutral. The motion court found that the reasons given were not pretextual. After reviewing the record, this Court finds that the motion court did not clearly err in determining that the prosecutor's strikes were nondiscriminatory. *See State v. Parker,* 836 S.W.2d at 936; *Hernandez v. New York,* —— U.S. ——, —— – ——, 111 S.Ct. 1859, 1868–69, 114 L.Ed.2d 395 (1991).

It is necessary to address the remaining points relied on in the original appeal, in which appellant attacks both the judgment of the trial court and the judgment of the *Rule 29.15* motion court. A brief recapitulation of the evidence in the case serves to place appellant's points in context.

The evidence, viewed in the light most favorable to the verdict, shows that Detective Richard Will received a tip from a confidential informant that appellant and his brother, Aaron, were storing a large amount of cocaine in an apartment next door to their residence. Detective Will reported the information to his supervisor, who ordered surveillance of the residence. Detectives Will and Swederski participated in the surveillance and saw appellant carrying a brief case which, the informant reported, appellant used to transfer drugs. The police obtained a search warrant and executed it. After the police unsuccessfully attempted to gain admission to appellant's dwelling by knocking and announcing their presence, Detective Will forced open the front door with a sledge hammer. As the police entered the residence, they observed appellant running toward the kitchen. Will chased appellant and saw him toss a bag of cocaine behind the refrigerator. A subsequent search revealed two additional bags of cocaine.

■ Appellant asserts that the court plainly erred by failing to declare a mistrial when the prosecutor stated in closing argument that "... it's very convenient to be dealing or have drugs outside of your house...." In the alternative, appellant asserts that the motion court clearly erred when it failed to find that appellant was denied effective assistance of counsel because appellant's attorney failed to object to the prosecutor's argument.

In his closing argument the prosecutor recounted the testimony of the police that they saw appellant throw a bag of cocaine behind the refrigerator. The prosecutor anticipated, he stated, that defense counsel would argue that appellant would not have thrown cocaine behind the refrigerator while the police were in close proximity to him. Allegedly to counter any force that the defense argument might have, the prosecutor stated that the appellant threw the cocaine despite the officer's presence because appellant did not:

> want to be caught with this stuff and it's not even his house which is very, very, convenient. I know you folks picked that up, it's very convenient to be dealing or have drugs outside of your house, not even in your own house its going to be more harder [sic] for the state to prove possession.

■ To be entitled to relief under the plain error rule, appellant must "go beyond a mere showing of demonstrable prejudice to show manifest prejudice affecting his substantial rights." *State v. Hornbuckle,* 769 S.W.2d 89, 93 (Mo. banc), *cert. denied,* 493 U.S. 860, 110 S.Ct. 171, 107 L.Ed.2d 128 (1989); *see Rules 29.12(b)* and *30.20.* In other words, the appellant must show that

the error affected his rights so substantially that a miscarriage of justice or manifest injustice will occur if the error is left uncorrected. *State v. Driscoll*, 711 S.W.2d 512, 515 (Mo. banc), *cert. denied*, 479 U.S. 922, 107 S.Ct. 329, 93 L.Ed.2d 301 (1986).

■ It is not necessary to determine the propriety of the prosecutor's argument. Even assuming the argument was improper, a conviction will be reversed for improper argument only if it is established that the comment of which appellant complains had a decisive effect on the jury's determination. *State v. Stuckey*, 680 S.W.2d 931, 937 (Mo. banc 1984); *State v. Wren*, 643 S.W.2d 800, 802 (Mo. banc 1983). The burden is on the defendant to prove the decisive significance. *Wren*, 643 S.W.2d at 802. After review of the record, this Court finds nothing to support a finding that the prosecutor's comment was of decisive significance. The evidence shows that Detective Will received information from a confidential informant that appellant was storing large quantities of cocaine at a residence next door to his apartment. While conducting the surveillance, police observed appellant, carrying a brief case, visit the apartment next to his several times. In searching the apartment, police discovered three bags of cocaine in appellant's possession. Detective Will observed appellant toss a bag of cocaine behind the refrigerator while being pursued by the police. Appellant fails to show how the prosecutor's passing comment that appellant may have been involved in the sale of cocaine had a decisive effect on the appellant's conviction for the possession of cocaine, in light of the evidence presented.

■ Appellant's alternative contention that his counsel's failure to object to the prosecutor's argument constituted ineffective assistance of counsel is similarly flawed. To prove ineffective assistance of counsel rising to constitutional magnitude, appellant must show that his counsel committed an unprofessional error and that there is a reasonable probability that counsel's error prejudicially affected the outcome of his trial. *Strickland v. Washington*, 466 U.S. 668, 694, 104 S.Ct. 2052, 2068, 80 L.Ed.2d 674 (1984); *Sidebottom v. State*, 781 S.W.2d 791, 795–96 (Mo. banc 1989); *cert. denied*, 497 U.S. 1032, 110 S.Ct. 3295, 111 L.Ed.2d 804 (1990). Absent a showing that there was a reasonable probability that counsel's error affected the outcome of the trial, the ineffectiveness claim should be dismissed without further inquiry. *See Strickland*, 466 U.S. at 697, 104 S.Ct. at 2069; *Sidebottom*, 781 S.W.2d at 796. Since appellant has failed to show that the prosecutor's comment influenced the verdict, *see Wren*, 643 S.W.2d at 802, his allegation of error is denied.

■ Appellant next contends the trial court clearly erred in failing to declare, *sua sponte*, a mistrial when venireperson John Shepherd said that he remembered seeing appellant at a workhouse. Appellant asserts that Shepherd's statement informed the venire panel of appellant's criminal record, thereby prejudicing him. In the alternative, appellant argues that the motion court clearly erred in failing to find that appellant was denied effective assistance of counsel because his counsel failed to properly object to Shepherd's statement.

Appellant's characterization of Shepherd's comment as a reference to appellant is not supported by the record. The exchange of which appellant complains occurred when the prosecutor questioned the venirepersons regarding their familiarity with any of the witnesses. The prosecutor asked whether anyone knew "a Reginald Walker." When no venireperson responded, he asked if anyone knew "a Joseph Barnes and a Maggie Barnes." At that point venireperson Shepherd said, "I may have come into contact with a lot of these people. I have been at the workhouse for nineteen years. I think I even remember him." The defense attorney challenged Shepherd, and the court sustained the challenge. Defense counsel then moved for a mistrial, asserting that Shepherd's statement would "comment on" appellant's right to testify. The court overruled the motion, responding that Shepherd said "nothing about that."

Although appellant's attorney apparently believed that Shepherd was referring to

appellant, the record reflects absolutely no connection between Shepherd's comment and the appellant. It appears likely, in fact, that the person Shepherd remembered from the workhouse was either Barnes or Walker, not appellant. The assumption is fortified by the fact that, after Shepherd was dismissed, the prosecutor said, "I asked whether anyone knew a Joseph or Maggie Barnes. They live at 5360 Vera and most of you said no. Is that true? There's *not anyone here* who knows these people." (emphasis added). Since Shepherd was the only venireperson to respond to the prosecutor's question regarding Joseph and Maggie Barnes, the logical inference is that Shepherd was understood, at least by the prosecutor, to have said that he knew Joseph Barnes and the prosecutor sought to verify that no one else knew Joseph or Maggie Barnes.

Since it is not clear that Shepherd's comment referred to appellant, this Court cannot find that appellant suffered manifest injustice. *See Rules 29.12(b)* and *30.20*. For the identical reason, appellant's companion assertion that counsel was ineffective in failing to request a mistrial on the ground that Shepherd's comment informed the panel of appellant's prior convictions is without merit. *See Strickland*, 466 U.S. at 694, 104 S.Ct. at 2068; *Sidebottom*, 781 S.W.2d at 796.

Affirmed.

ROBERTSON, C.J., and HOLSTEIN, BENTON, THOMAS and PRICE, JJ., concur.

LIMBAUGH, J., not participating.