**STATE of Missouri, Plaintiff–**
**Respondent,**

v.

**Arthur Lionel JAMES a/k/a Arther L.**
**James, Defendant–Appellant.**

No. SD 28704.

Missouri Court of Appeals,
Southern District,
Division Two.

Dec. 19, 2008.

Ellen H. Flottman, Columbia, MO, for Appellant.

James B. Farnsworth, Jefferson City, MO, for Respondent.

DON E. BURRELL, Presiding Judge.

Arthur Lionel James ("Defendant"), a resident of Blytheville, Arkansas, was found guilty after a jury trial of two counts of the Class B felony of sale of a controlled substance. *See* section 195.211.[1] Defendant was charged as, found to be, and sentenced as a prior drug offender; a status that subjected him to an enhanced range of punishment under sections 195.275 and 195.291.1. The trial court accepted the jury's verdicts and later ordered Defendant to serve concurrent twenty and ten year sentences in the Department of Corrections. Defendant's sole point on appeal argues that because he was improperly lured from Arkansas into Missouri by Missouri law enforcement officers, the trial court erred when it refused to submit an entrapment instruction to the jury. Finding no error, we affirm.

Viewed in the light most favorable to the verdict, the evidence indicates that Billy Joe Stanfield, Jr. ("Officer Stanfield") was a Pemiscot County sheriff's deputy working as a member of the Bootheel Drug Task Force ("Task Force"). In September 2006, Officer Stanfield was working undercover with other Task Force members and a confidential informant named Rufus Sanders ("Informant") in an attempt to purchase illegal narcotics. Informant contacted Defendant who agreed to sell Officer Stanfield a half-ounce of methamphetamine.

Informant suggested the parties meet at a well-known location on the Missouri side of the Missouri–Arkansas border, but De-

---

1. Unless otherwise indicated, all references to statutes are to RSMo 2000.

fendant rejected that location because he "[did not] deal with Missouri, period." Instead, Defendant suggested that they meet at "the arch," a landmark Defendant thought to be in Arkansas but which was actually located on the Missouri side of the border. At that location, Defendant handed Officer Stanfield a bag containing 11.5 grams of methamphetamine in exchange for $800 in cash. Defendant then gave Informant a baggie containing 1.16 grams of cocaine for "hooking [them] up." Unbeknown to Defendant, an "arrest team" was monitoring the transaction from a nearby location and moved in to arrest Defendant immediately after the exchanges had taken place and Officer Stanfield had given them a prearranged signal.

At trial, Defendant testified in his own defense and said he would never have willingly entered Missouri to conduct the transaction at issue. Defendant also denied that the substances he had handed to Officer Stanfield and Informant were illegal narcotics. Instead, Defendant said he was trying to "pull one" on Informant and had given Officer Stanfield Epsom salt and Informant baking soda.

Entrapment is an affirmative defense that must be raised by the defendant and is governed by Section 562.066 which says, in pertinent part:

> 1. The commission of acts which would otherwise constitute an offense is not criminal if the actor engaged in the prescribed conduct because he was entrapped by a law enforcement officer or a person acting in cooperation with such an officer.
>
> 2. An "entrapment" is perpetuated if a law enforcement officer or a person acting in cooperation with such an officer, for the purpose of obtaining evidence of the commission of an offense, solicits, encourages or otherwise induces another person to engage in conduct

when he was not ready and willing to engage in such conduct.

■ This statute has been construed by our Supreme Court to require "proof of both inducement to engage in unlawful conduct and an absence of a willingness to engage in such conduct." *State v. Willis,* 662 S.W.2d 252, 255 (Mo. banc 1983). The language of the statute and prior case law makes it clear that the "conduct" at issue is the conduct that constitutes the unlawful act. Section 562.066.1; *Willis,* 662 S.W.2d at 255; *State v. Mitchell,* 897 S.W.2d 187, 191 (Mo.App. S.D.1995).

■ Absence of a predisposition to engage in the illegal conduct requires a showing that the defendant "was not 'ready and willing' to commit an unlawful act." *State v. Bullock,* 153 S.W.3d 882, 886 (Mo.App. S.D.2005) (citing *State v. Moore,* 904 S.W.2d 365, 368 (Mo.App. E.D.1995)). The defense of entrapment is also generally unavailable to a defendant who denies committing the crime at issue. *State v. Stock,* 463 S.W.2d 889, 892 (Mo. banc 1971); *State v. Johnson,* 728 S.W.2d 675, 678 (Mo.App. S.D.1987) (holding that an entrapment defense is generally not available to an accused who denies selling narcotics "because the defense is premised on the basis that he did make the sale.").

■ As we noted in *Johnson,* it is logically inconsistent for a defendant to claim he was coerced into an illegal act "and at the same time say that he did not do it." *Id.* In the instant case, Defendant denied that the substances he had given to Officer Stanfield and Informant were illegal drugs. Because Defendant denied committing the very act that would have served as the basis for his entrapment defense, the trial court did not err in refusing to give an entrapment instruction to the jury.

In any event, what Defendant claims he was coerced into doing against his will was to travel to the state of Missouri; a lawful act. We also doubt Defendant would have been able to convince us that he was unlawfully "entrapped" into going to a location that he himself had selected.

The judgment is affirmed.

LYNCH, C.J., and PARRISH, J., Concur.