Kim David MORGAN, Appellant,

v.

STATE of Missouri, Respondent.

No. SD 30844.

Missouri Court of Appeals, Southern District, Division Two.

Aug. 12, 2011.

---

Maleaner Harvey, St. Louis, MO, for Appellant.

Chris Koster, Attorney General and John M. Reeves, Assistant Attorney General, Jefferson City, MO, for Respondent.

WILLIAM W. FRANCIS, JR., Presiding Judge.

Kim David Morgan ("Morgan") appeals the motion court's denial of his Rule 29.15[1] motion asserting his trial counsel was ineffective for failing to advise him that entrapment was a viable defense. We affirm.

### Factual and Procedural History

On July 8, 2008, a jury convicted Morgan of one count of the class B felony of possession of a controlled substance with the intent to distribute in violation of section 195.211. This Court affirmed Morgan's conviction in *State v. Morgan,* 289 S.W.3d 802 (Mo.App. S.D.2009), which sets forth a complete statement of facts. Here, we present only those facts pertinent to this appeal.

In October 2007, a confidential informant ("CI") for the Bootheel Drug Task Force ("Task Force") received a tip that he could purchase marijuana from Morgan at a yard sale. Acting on this information, CI met with Morgan at a yard sale on October 14, 2007, and asked Morgan if he knew where CI could buy a quarter pound of marijuana. Morgan said that he did, it would cost between $250 and $300, and CI should meet him at the home of Ron McAbee ("McAbee").

After agreeing to meet CI at McAbee's house, Morgan contacted Orville Wright ("Wright") and told him that CI would be coming over the next day to purchase some marijuana. Morgan also asked Wright if he would be willing to drive Morgan to Jonesboro, Arkansas, in connection with the purchase. Wright agreed and the two of them planned to split the profits of the transaction. CI reported his conversation with Morgan to the Task Force.

On October 15, 2007, CI met with the Task Force officers at the Kennett Police Department. The officers searched CI and his car, and gave him a recording device. Subsequently, CI entered McAbee's house and discussed the details of the purchase with Morgan and Wright, informing them he had $300 and if they could get him a quarter pound of marijuana for $250, they could have the other $50 for gas. Wright and Morgan agreed and told CI that they would have to drive to Jonesboro, Arkansas, to get the marijuana. CI gave Morgan and Wright the $300 he

---

**1.** All rule references are to Missouri Court Rules (2011), and all references to statutes are to RSMo 2000, unless otherwise specified.

had received from the Task Force. Morgan and Wright refused to take CI along with them to Jonesboro, but accepted CI's offer for the use of his car. After Morgan and Wright's departure, CI called Lieutenant Tim Trowbridge—with the Task Force—and informed him that Morgan and Wright were driving to Jonesboro in CI's car.

During the drive, Morgan told Wright to go to an apartment complex in Jonesboro. Morgan and Wright went inside an apartment and Morgan purchased three bags of marijuana from an unidentified individual. Morgan and Wright returned to the car and Morgan put the bags of marijuana under the passenger-side seat.

After Wright and Morgan re-entered Missouri, Officer Jeremy Yates—with the Kennett Police Department—initiated a stop of CI's vehicle. Upon seeing the red lights, Morgan told Wright to "run" so that he could throw the marijuana out of the car. Wright refused and instead pulled the car over to the shoulder. Officer Yates approached the vehicle and noticed that Morgan, the front-seat passenger, was "kind of bent down towards the floorboard of the vehicle." After Wright eventually consented to a search of the car, Officer Yates discovered three bags of marijuana under the passenger-side seat.

The jury found Morgan guilty of possession of a controlled substance with the intent to distribute. Morgan was sentenced to twelve years' imprisonment.

On November 10, 2009, Morgan timely filed a *pro se* motion for post-conviction relief. Appointed counsel subsequently filed an amended motion claiming trial counsel was ineffective for failing to discuss with Morgan the defense of entrapment. Morgan alleged he did not know he could have "refuted the charge of possession of a controlled substance with the intent to distribute with the defense of entrapment[,]" and that but "for trial coun-

sel's ineffectiveness the outcome of [Morgan's] trial would have been different."

On July 27, 2010, an evidentiary hearing took place. Morgan testified that before his trial started he told trial counsel that he was at the "wrong place at the wrong time." He claimed he was "just going to ride over to Arkansas with [Wright] and come right back. [Wright] was going to see somebody." Morgan maintained he did not know why Wright was driving to Arkansas.

Trial counsel also testified at the evidentiary hearing. He explained he never raised the defense of entrapment because Morgan told him he never committed the crime in the first place. Morgan told trial counsel he "just [went] along for the ride" and never indicated that he had been set up. According to trial counsel "it didn't ring a bell" that entrapment was a viable defense.

In denying post-conviction relief to Morgan, the motion court found in its "Judgment" and "Findings of Fact and Conclusions of Law" that there was "no likelihood that an attempt to prove entrapment would have been successful." The motion court also noted that "it would have been logically inconsistent for [Morgan] to claim that he was entrapped and at the same time say that he didn't do it." This appeal followed.

Morgan's sole point relied on contends the motion court erred in denying his Rule 29.15 motion because he proved, by the preponderance of the evidence, that trial counsel was ineffective for failing to advise him that entrapment was a viable defense and but for trial counsel's ineffectiveness, the outcome of Morgan's trial would have been different because they would have utilized that defense.

### Standard of Review

We review a post-conviction relief motion for whether the motion court's

findings of fact and conclusions of law are clearly erroneous. *Forrest v. State*, 290 S.W.3d 704, 708 (Mo. banc 2009) (citing Rule 29.15(k)). Findings and conclusions are clearly erroneous if, after a review of the entire record, the court is left with the definite and firm impression that a mistake has been made. *Id.* A post-conviction relief ruling is presumed correct, and Morgan had the burden of proving his grounds for relief by a preponderance of the evidence. *Id.*; Rule 29.15(i). "At a post-conviction relief evidentiary hearing, the motion court determines the credibility of the witnesses and is free to believe or disbelieve the testimony of any witness, including that of the Movant." *Hurst v. State*, 301 S.W.3d 112, 117 (Mo.App. E.D. 2010).

## Analysis

To prove ineffective assistance of counsel, Morgan must demonstrate: (1) his counsel failed to exercise the customary skill and diligence that a reasonably competent attorney would exercise under similar circumstances; and (2) his defense was prejudiced as a result of that deficiency. *Strickland v. Washington*, 466 U.S. 668, 687, 104 S.Ct. 2052, 80 L.Ed.2d 674, (1984); *State v. Storey*, 901 S.W.2d 886, 893 (Mo. banc 1995). "It is presumed that counsel is effective and that the burden is on [Morgan] to show otherwise." *Forrest*, 290 S.W.3d at 708. "Trial strategy is not a basis for ineffective assistance of counsel." *Id.*

■ Section 562.066.1 provides that "[t]he commission of acts which would otherwise constitute an offense is not criminal if the actor engaged in the pr[o]scribed conduct because he was entrapped by a law enforcement officer or a person acting in cooperation with such an officer." An entrapment defense is generally unavailable to a defendant who denies committing the crime at issue. *State v. James*, 271 S.W.3d 638, 640 (Mo.App. S.D.2008). "[I]t is logically inconsistent for a defendant to claim he was coerced into an illegal act 'and at the same time say that he did not do it.' " *Id.* (quoting *State v. Johnson*, 728 S.W.2d 675, 678 (Mo.App. S.D.1987)).

■ Here, Morgan explicitly told trial counsel he never committed the crime in the first place and he "just [went] along for the ride." Additionally, at trial, Morgan's defense was that he was in the wrong place at the wrong time. During the evidentiary hearing, Morgan maintained he was never involved in any drug transaction. Because the defense of entrapment is premised on the basis that Morgan committed the crime, and he denied committing the crime, there was no reason for trial counsel to believe entrapment was a viable defense and advise Morgan of such a defense. "Entrapment presupposes that the defendant intended to commit the crime, but that his intention was the result of police actions." *Johnson*, 728 S.W.2d at 679. The motion court correctly noted it would have been logically inconsistent for Morgan to argue he was entrapped but at the same time claim he did not commit the crime.

Accordingly, this Court is not left with a definite and firm impression a mistake has been made regarding the motion court's finding that Morgan did not overcome the presumption that his counsel exercised the customary skill and diligence that a reasonably competent attorney would exercise under similar circumstances. Point denied.

The motion court's decision is affirmed.

BATES and SCOTT, JJ., Concur.