*769 ZEL M. FISCHER, Judge.
I concur in the principal opinion’s affir-mance of Collings’ conviction and sentence. However, several of Collings’ claims are not preserved for this Court’s review, and I would not review those claims for plain error. The principal opinion leaps into an analysis of the merits of Collings’ unpre-served claims without any analysis concerning whether this Court should exercise its discretion to review for plain error. Further, the principal opinion addresses the merits of the claims requesting plain error review as though they were preserved. In my view, the Court should not exercise its discretion to review Collings’ unpreserved claims for plain error because none of the alleged errors are evident, obvious, and clear.
Plain Error Review Generally
Claims of error for which the appellant did not object at trial or did not present to the circuit court in a motion for new trial are not preserved for appellate review. State v. Carter, 415 S.W.3d 685, 691 (Mo. banc 2013) (no objection); State v. Cella, 32 S.W.3d 114, 117 (Mo. banc 2000) (not in the motion for new trial). An appellant is not entitled to review of unpreserved claims, and generally, this Court will not review them. E.g., Cella, 32 S.W.3d at 117; State v. Davis, 348 S.W.3d 768, 770 (Mo. banc 2011). The exception is for “plain errors affecting substantial rights,” which “may be considered in the discretion of the court when the court finds that manifest injustice or miscarriage of justice has resulted therefrom.” Rule 30.20.
“The plain error rule is to be used sparingly and may not be used to justify a review of every point that has not been otherwise preserved for appellate review.” State v. Jones, 427 S.W.3d 191, 195 (Mo. banc 2014) (internal quotation marks omitted). The Court will not review for plain error unless the appellant has requested it. Davis, 348 S.W.3d at 770 & n. 4. When plain error review is requested, the Court then must determine, before engaging in plain error review, whether the alleged error is, on its face, of the type covered by Rule 30.20. An alleged error is considered “plain” if it would result in manifest injustice or miscarriage of justice that is so “evident, obvious, and clear” that the circuit court should have recognized and corrected the error on its own, without objection or motion.[1] Jones, 427 S.W.3d at 195. “Unless the appellant makes this facial showing, this Court will decline to review for plain error under Rule 30.20.” Id. at 195-96.
To be entitled to relief under the plain error rule, the appellant must “ ‘go beyond a mere showing of demonstrable prejudice’ ” to show manifest injustice affecting his or her substantial rights. State v. Parker, 856 S.W.2d 331, 332 (Mo. banc 1993). In other words, the appellant must show that the error affected his or her rights so substantially that a miscarriage of justice or manifest injustice will occur if the error is left uncorrected. Id. at 333. Even though an appellate court may refuse to entertain plain error review, it later can consider claims of ineffective assistance of counsel for failure to preserve the alleged trial error. State v. Roberts, 948 S.W.2d 577, 592 (Mo. banc 1997).
Collings’ Requests for Plain Error Review of Certain Actions, None of Which Qualifies for Plain Error Review
The three claims for which Collings requests plain error review are as follows: *770 First, that the circuit court plainly erred in excluding evidence offered by Collings at the hearing to determine whether to suppress Collings’ confession, yet admitting evidence offered by the State, because the circuit court (1) should have considered evidence of a videotaped conversation between Chief Clark and Collings after Coll-ings was arraigned, which allegedly shows that the relationship between Chief Clark and Collings was coercive and that Coll-ings’ prior confession was involuntary; (2) should have considered evidence that the police employed another “false friend” in interrogating Spears; (8) should not have considered the State’s evidence that Coll-ings took a lie detector test and a voice stress analysis test; and (4) should not have considered the State’s evidence that Collings had a consensual sexual encounter with the victim’s 18-year-old sister. Coll-ings’ second claim for which he requests plain error review is that the circuit court plainly erred in admitting evidence of a partial DNA profile from a hair found in Collings’ truck because the jury was misled into believing the hair belonged to the victim. The third claim is that the circuit court plainly erred in not preventing the prosecutor, on the court’s own motion, from arguing during the penalty-phase closing argument that defense counsel’s reference to David Spears was intended to “distract and confuse” the jurors because the argument disparaged defense counsel and suggested that the jury could not consider evidence regarding Spears as mitigating evidence. Collings either did not object at trial or did not include these claims in his motion for new trial; therefore, they are not preserved. See Carter, 415 S.W.3d at 691; Cella, 82 S.W.3d at 117.
The circuit court has broad discretion whether to admit evidence for the jury’s consideration at trial and should have even broader discretion at a hearing for the judge’s own consideration on the issue of whether evidence is admissible at trial. See, e.g., State v. Shockley, 410 S.W.3d 179, 195 (Mo. banc 2013). In addition, claims that the prosecutor made improper statements during closing argument rarely result in manifest injustice. Carter, 415 S.W.3d at 691. This Court often has declined plain error review of claims regarding the admissibility of evidence and claims of improper argument by the prosecutor. See Jones, 427 S.W.3d at 196 n. 5 (collecting cases).
Conclusion
Because Collings has not raised any error that would be so “evident, obvious, and clear” that the circuit court should have identified and corrected the error on its own motion, I would not engage in plain error review. See id. at 195. I concur in the affirmance of Collings’ conviction and sentence but do not join the principal opinion’s plain error analysis.

. Of course, the circuit court itself has discretion pursuant to Rule 29.12(b) if it determines during any time that it still has jurisdiction that it has erred in a manner that would cause manifest injustice or a miscarriage of justice.