David C. BUTLER et al., Appellants,

v.

J. M. HICKS et al., Respondents.

No. KCD 27726.

Missouri Court of Appeals,
Kansas City District.

May 31, 1977.

Motion for Rehearing and/or Transfer Denied June 27, 1977.

Application to Transfer Denied Sept. 12, 1977.

Charles C. Shafer, Jr., Kansas City, for appellants.

**450**

John W. Kelly, Jr., Kansas City, for respondents; Morris, Foust, Beckett & Ponick, Kansas City, of counsel.

PER CURIAM:

Plaintiffs, David C. Butler, and his wife, Ida J., brought their action for David's personal injuries and damage to his 1969 Buick Electra (Count I), and for Ida's loss of consortium (Count II), arising out of an intersectional collision at 31st and Harrison Streets in Kansas City, Missouri, on June 27, 1970. Defendants were alleged to have been doing business under the name of Hutton & Hicks Sinclair Service Station, 700 East Linwood Boulevard, and their 1969 Ford truck was, at the time of the collision, being used in their business and was being operated by defendant, Donald J. Shook, their employee, in the course of his employment. The verdict of the jury and the ensuing judgment were against both plaintiffs.

By Point 3, plaintiffs present their contention that it was error to submit Instruction No. 6 on the subject of Mr. Butler's contributory negligence that he failed to keep a careful lookout or that he violated the traffic signal. The argument is limited to the lack of evidence to support the lookout portion of the instruction, so the matter of violation of the traffic signal will not be considered. If there is not evidence to support both of these *disjunctive* submissions, the instruction is in error. *Madison v. Dodson*, 412 S.W.2d 552, 557[7–11] (Mo.App. 1967).

The evidence relating to Mr. Butler's failure to keep a careful lookout will be considered in its light most favorable to defendants. *Rickman v. Sauerwein*, 470 S.W.2d 487, 489[1, 2] (Mo.1971). Mr. Butler was proceeding north on Harrison Street, intending to cross its intersection with 31st Street, where there were traffic signals at each corner. As he approached the intersection, he was travelling at 20 miles an hour, and as he got fairly close to it, the light was green. He made a hesitant stop, cutting his speed and then proceeded across the intersection, just before which he looked to the right and left but did not see anything. His first knowledge of the presence of the truck was upon impact, at a time when he was almost across 31st Street. The truck was coming from the west going east, and its left side struck the left side of the Buick, which turned completely around and hit the light pole and mailbox at the northeast corner, where it came to rest, headed back south. On cross-examination, Mr. Butler testified that his hesitant stop was made "right level" with the cross walk, "just before the white mark"; "right level with the south curb line"; at which time he looked to the right and to the left, but did not see anything. At that time his speed was 15 miles per hour or less. Mr. Butler did not look again to his left after he made his hesitant stop and proceeded to cross the intersection.

For defendants, co-defendant Donald Shook testified: On June 27, 1970, he was driving a tow truck wrecker east on 31st Street at about 12:30 p.m. When he was about one-half block west of the intersection of Harrison and 31st Streets, he observed the traffic light thereat which was red. He again observed the traffic light which then turned amber and then green when he was about a quarter of a block away from Harrison. Prior to this he had slowed down to probably 15 to 20 miles per hour because the light was red. He changed the gear from high to third when he saw the light change to green. No cars were ahead of him going east. When he was 20 or 30 feet from the intersection he first observed the car to his right going north on Harrison.

Both the speeds of Mr. Butler (15 miles per hour or less) and Mr. Shook (probably 15 to 20 miles per hour) are shown; and the position of Mr. Shook, 20 or 30 feet from the intersection, when he saw Mr. Butler to his right going north on Harrison, is in evidence. Inasmuch as Mr. Shook saw Mr. Butler's vehicle, it follows that the latter could have seen the tow truck at about the same time, had he kept a vigilant lookout. These facts, however, are insufficient to give evidentiary support to the submission

of failure to keep a careful lookout in Instruction No. 3, in that, after Mr. Butler saw or should have seen Mr. Shook approaching the intersection, there is no evidence that he could have acted in some manner so as to have avoided the accident or injury. See the discussion in *Miller v. St. Louis Public Service Company*, 389 S.W.2d 769, 771[3, 4] (Mo.1965), and cases cited, as to the necessity of evidence to support a lookout instruction in its essential element of *causation*. In *Miller*, as contrasted to the facts here, there was evidence of a clear and unobstructed street of sufficient width to permit the bus to be swerved, or that there could have been sounded a timely warning. Contrast, also, *Allen v. Bi-State Development Agency*, 452 S.W.2d 288, 290 (Mo.App.1970), where the evidence was that defendant Novasak had the means to have stopped or swerved his vehicle. See *Zalle v. Underwood*, 372 S.W.2d 98, 102[1–3] (Mo. 1963), where it was said, "Having the means and ability to avoid a collision means not only the mechanical appliances, such as steering apparatus with which to swerve, signalling equipment with which to warn, or braking appliances with which to slow down or stop, but also the existence of sufficient time and distance, considering the movements and speeds of the vehicles, to enable the party charged to take effective action in avoidance." See also, *O'Neill v. Claypool*, 341 S.W.2d 129, 135[11, 12] (Mo. 1960); *Stegall v. Wilson*, 416 S.W.2d 658, 662 (Mo.App.1967); and *Marshall v. Bobbitt*, 482 S.W.2d 439, 442[1–3] (Mo.1972). For failure to have evidentiary support for the lookout instruction, the case must be reversed and remanded for new trial. It is noted there was no evidence that Mr. Shook could have also taken precautionary measures to avert the collision to support the lookout submission as to him. Should there be no evidence on new trial as to this aspect of the negligence charged against him, a lookout instruction should not be given.

Appellants further say that the court erred in refusing instructions against Hicks and Hutton based upon the agency of Mr. Shook and that he was within the scope of his employment at the time of the collision when those facts were established by interrogatories to Mr. Shook which were read into evidence without objection. It is unnecessary to rule the contention because undoubtedly the fact of agency could be established upon new trial as by appropriate request for admissions directed to Hicks and Hutton. The parties are apprised by their briefing of other questions presented which are also unnecessary to be ruled as they may not arise on new trial.

The judgment is reversed and the case is remanded for new trial.