**Rosalie SHERPY, Appellant,**

v.

**Karen L. BILYEU, Respondent.**

**No. WD 31068.**

Missouri Court of Appeals,
Western District.

Nov. 3, 1980.

John J. McFadden, Jr., Kansas City, for appellant.

Max W. Foust, G. Spencer Miller, Kansas City, for respondent.

Before CLARK, P. J., and DIXON and SOMERVILLE, JJ.

CLARK, Presiding Judge.

This is an automobile–pedestrian accident case in which the jury returned a verdict for the defendant automobile operator. Plaintiff pedestrian appeals contending error in the giving of a contributory negligence instruction and in the content of defense counsel's closing argument. Affirmed.

A brief resumé of the facts will suffice. The parties will be referred to as below, plaintiff and defendant. The accident occurred at the offset intersection of 27th Street and Lister in Kansas City, the southerly continuation of Lister, a north–south street, being somewhat westerly of its north projection. Thus, one driving south on Lister, as was defendant, must turn right on 27th and then left to proceed south again on Lister.

On the afternoon of the accident, plaintiff had left her place of employment at the southwest corner of the intersection and was walking across Lister to her automobile parked on the east side of Lister south of 27th Street. Defendant had paused westbound on 27th Street waiting on eastbound traffic to clear so that she could turn south. As defendant then made her left turn to continue south on Lister, she struck plaintiff who was at that time near the center of Lister and some four feet south of 27th.

The weather was clear and the sun was bright. Except for the eastbound traffic on 27th, neither party was handicapped from seeing the other by any visual obstructions. Momentarily, however, the sun did strike defendant's windshield as she was making the turn. Plaintiff's submission was on alternate grounds of defendant's negligence, failure to keep a careful lookout or failure to yield to a pedestrian in the crosswalk.

As to plaintiff's first point, she contends that the evidence did not support the giving of an instruction on her contributory negligence because the evidence did not show the location of defendant's car when plaintiff stepped from the curb and it did not indicate what time elapsed from then until the impact. She thus says that it would be sheer speculation and conjecture as to whether she could have seen defendant's car before leaving her place of safety on the curb or, having done so, whether her abilities and the time before impact would have permitted her to act and escape the path of the oncoming vehicle. Plaintiff cites and relies on Butler v. Hicks, 554 S.W.2d 449 (Mo.App.1977), for the proposition that a contributory negligence instruction should not be given unless there is evidence that at the time plaintiff is under a duty to see the approaching vehicle, he is also able to act in some manner to avoid the accident.

In determining whether there is evidence to support the giving of a contrib-

utory negligence instruction, the evidence is considered in the light most favorable to the defendant and the plaintiff's evidence will be disregarded unless it tends to support the giving of the instruction. *Wissman v. Wissman,* 575 S.W.2d 239 (Mo.App. 1978); *Rickman v. Sauerwein,* 470 S.W.2d 487 (Mo.1971). A pedestrian has the duty to look before entering a traveled roadway. The failure of the pedestrian to see what is plainly visible or not to look is negligence. *Penn v. Hartman,* 525 S.W.2d 773, 776 (Mo. App.1975); *Woods v. Moore,* 48 S.W.2d 202 (Mo.App.1932). Where a pedestrian, intending to cross a street, looks and sees no automobile approaching and is injured while crossing, it is for the jury to decide if, in the exercise of ordinary care, the pedestrian should continue to look for approaching traffic as he proceeds across the street. *Rotstain v. Lillis,* 550 S.W.2d 879 (Mo.App. 1977); *Walsh v. Southtown Motors Company,* 445 S.W.2d 342 (Mo.1969).

The facts in the subject case are, as shown by the evidence, that defendant's automobile was stopped four or five seconds while awaiting clearance for the left turn onto Lister and at this time the car was north of the center line of 27th, a street forty feet wide. After moving again, defendant's car traversed the south half of 27th and an additional four feet onto Lister to the point of impact, a total distance of less than thirty feet. Plaintiff, on the west curb of Lister, which was twenty–four feet wide, was some four feet south of the south curb of 27th. The distance which lay between plaintiff as she stepped from the curb and the point on 27th Street where westbound cars on 27th turned to proceed south on Lister was therefore less than fifty feet.

Plaintiff testified that she looked before leaving the curb to cross Lister, did not see defendant's car then and did not see the car thereafter until she was struck. It is quite apparent, however, that the car was there, either on 27th Street or moving into the turn which brought the vehicle to intersect plaintiff's pathway walking from the west curb. Why plaintiff, who was under a duty to look out for her own safety, did not see the car at all before being struck, whether she looked before leaving the curb or after she was in the street, and whether her conduct caused or contributed to cause her injury were all questions for the jury. The court was obligated under the evidence to submit this issue to the jury under the appropriate instruction on contributory negligence. It would have been error not to do so.

Plaintiff next complains of defendant's closing argument to the jury in which counsel stated, in effect, that any negligence of plaintiff, however slight, was sufficient to bar her recovery. The argument was a misstatement of the law and has previously been condemned when made in exactly the form employed by defense counsel here. *Walsh v. Southtown Motors Company, supra,* 445 S.W.2d at 350. The record in this case, however, shows that plaintiff's counsel failed to make any objection to the argument and thereby deprived the trial court of any opportunity to take remedial action. By failing to make timely objection during trial, plaintiff waived the objection. *Blevins v. Cushman Motors,* 551 S.W.2d 602, 616 (Mo. banc 1977); *Sandy Ford Ranch, Inc., v. Dill,* 449 S.W.2d 1, 7 (Mo.1970).

In an attempt to avoid the consequence of a failure to object to defendant's closing argument at the time, plaintiff now seeks consideration of the point as plain error citing Rule 84.13(c). Rarely applied, the plain error rule is reserved for those situations in which hatred, passion or prejudice has been engendered causing manifest injustice or a miscarriage of justice. *Stevens v. Wetterau Foods, Inc.,* 501 S.W.2d 494, 499 (Mo.App.1973). Had plaintiff's counsel lodged a timely objection, the trial court could have taken corrective measures to remove the error injected by comments already made and prevented the continued exposition by defense counsel as followed when no objection was interposed. Plain error is not a doctrine available to revive issues already abandoned by selection of trial strategy or by oversight. Manifest injustice not appearing, we decline to address the issue as plain error.

In her reply brief, plaintiff cites *Robbins v. Brown–Strauss Corp.*, 363 Mo. 1157, 257 S.W.2d 643 (1953), as authority for the proposition that a complaining party does not lose a right to relief by failing to object to closing argument. Reliance on this case is misplaced. *Robbins* holds that the trial court has discretion to order a new trial, even if no objection to the closing argument has been made, when the overall effect of the argument is so prejudicial as to deprive the party of a fair trial. Whatever may be the distinctions between the discretionary authority of the trial court to grant a new trial and the availability of appellate review on grounds of plain error, we do not find that plaintiff here was denied a fair trial.

The judgment is affirmed.

All concur.