David **STERLING** and Larry D. **Perry,**
Plaintiffs-Respondents,

v.

W.H. **THOMAS,** Jr., et al., Defendants,

and

Marian **Hall,** Defendant-Appellant.

No. 12838.

Missouri Court of Appeals,
Southern District,
Division Two.

Aug. 12, 1983.

Motion for Rehearing Overruled and to Transfer to Supreme Court Denied
Sept. 1, 1983.

David L. Steelman, Salem, for plaintiffs-respondents.

Robert E. Almirall, Vincent Tyndall, Miller, Sanford, Joyner, Westbrooke & Tyndall, P.C., Springfield, for defendant-appellant.

PER CURIAM.

This is an action to set aside and revoke a purported will of Frank J. Greco, executed on October 16, 1979, while he was in the intensive care unit of a hospital and to admit to probate a will executed on October 21, 1976. Whether Mr. Greco was competent to make a will at the time he signed the document of October 16, 1979, was submitted to a jury. It determined that he was not, and judgment was thereafter entered rejecting the document of October 16, 1979, and the document of October 21, 1976, was declared as his last will.

Appellant's sole point [1] relied on is that the trial court erred in stating to the jury at the commencement of the voir dire:

"THE COURT: * * * * * Do any of you know of any reason, because of the nature of this case—it's a will contest case—sometimes people get the idea that you ought not to be bothering around with somebody's will, but they don't stop to think that maybe sometimes that you're carrying out the man's will by making a decision one way or the other. But do any of you have any feelings, particularly about this type of case, a will contest case, that would prohibit you from listening to the evidence and then rendering a fair and impartial verdict in the matter? * * * * *"

No objection to these comments was made during the trial.[2] Appellant first contended that this comment was erroneous in her motion for new trial. She acknowledges that by failing to promptly ask for relief she has not properly preserved the point for review and asks that we review it as plain error under Rule 84.13(c).

The plain error rule is rarely applied and is reserved for those situations in which hatred, passion or prejudice has been

---

1. The full point states: "The trial court committed plain error by telling the jury panel during voir dire, in effect, to disregard testator's will in carrying out his intentions because this statement constituted an oral instruction to the jury on the law of the case, in violation of Rule 70.02(a) and Section 510.300, requiring that all instructions be submitted in writing and be given or refused by the court according to the law and evidence in the case; and constituted an erroneous instruction on the law of the case, given in the abstract, interjecting the false issue of testator's intent into the jury's deliberations on testator's competency and inviting the jury to revoke testator's 1979 will by giving them a roving commission to do so based upon their ascertainment of what testator's intentions were; and that, as a result, the jury was so misdirected and confused as to the law of the case as to result in manifest injustice and miscarriage of justice to appellant."

2. Appellant's present counsel did not represent her at trial.

engendered causing manifest injustice or miscarriage of justice. *Sherpy v. Bilyeu*, 608 S.W.2d 521, 523 (Mo.App.1980); *Executive Jet Management & Pilot Service, Inc. v. Scott*, 629 S.W.2d 598, 607 (Mo.App.1981). Even if we assume that the court's comments were improper, they are not such that would likely create hatred, passion or prejudice, and cause manifest injustice or miscarriage of justice. The jury was adequately instructed and there was evidence to support its finding. Our review of the record does not show manifest injustice or miscarriage of justice.

The judgment is affirmed.

All concur.