**Lucille BAUMGARTNER,
Plaintiff–Appellant,**

v.

**BI–STATE DEVELOPMENT AGENCY,
Defendant–Respondent.**

No. 58636.

Missouri Court of Appeals,
Eastern District,
Division Three.

June 28, 1991.

**64**

Patric A. Lester, St. Louis, for plaintiff-appellant.

Ronald Boyd Wessel, Clayton, for defendant-respondent.

STEPHAN, Judge.

This is an appeal from a judgment for defendant in a personal injury action. The petition alleged that plaintiff was struck and injured by a Bi–State bus while she was walking across the street with the traffic signal. The jury found 0% fault for both parties and judgment was entered pursuant to the verdict. Plaintiff's motion for new trial was timely filed on March 23, 1990. The trial court did not rule on the motion within ninety days; it was, therefore, denied. Rule 78.06. Plaintiff appeals from the judgment. We affirm.

Plaintiff was crossing the street, southbound, at Washington and Broadway in the City of St. Louis. A Bi–State bus, making a left turn onto Washington, struck plaintiff while she was in the crosswalk. Three witnesses, including plaintiff, testified that the light was green and the "walk" sign was on at the time plaintiff was crossing the street. The bus driver testified that he approached the intersection and waited for pedestrians to get clear before making his turn. About three-quarters through the turn the bus driver heard a thump. When he looked into the left side mirror he saw plaintiff sitting on the ground. He further testified that plaintiff walked into the street after he began to make his turn.

In her first point plaintiff argues that the trial court erred in failing to grant her a new trial because there was substantial evidence to support a verdict in her favor. The verdict was, therefore, against the greater weight of the evidence.

The determination of whether a verdict is against the greater weight of the evidence is within the exclusive province of the trial court; on appeal this court does not weigh the evidence but determines whether sufficient evidence supports the verdict. *Marshall v. Edlin*, 690 S.W.2d 477, 479 (Mo. App.1985). The verdict will not be over-

turned unless there is a complete absence of probative facts to support it, viewing the evidence in the light most favorable to the verdict. *Bradley v. Browning–Ferris Industries, Inc.,* 779 S.W.2d 760, 762 (Mo. App.1989).

 Plaintiff omitted several matters from the transcript, including the testimony of four witnesses. We will not attempt to speculate on what testimony those witnesses might have given. Even more, we are unable to make a determination on the sufficiency of the evidence absent a complete record on appeal. Plaintiff, as appellant, has the duty to provide a complete record on appeal for the determination of questions presented to the appellate court. *Landoll by Landoll v. Dovell,* 779 S.W.2d 621, 627 (Mo.App.1989). Point I is denied.

Plaintiff's second point argues that the trial court erred in failing to grant a new trial because of the jury's questions regarding insurance and medical bills. Approximately one hour after they began deliberating, the jury sent the following questions out to the court: 1) Have any medical bills been paid by Bi–State to date. 2) Does Mrs. Baumgartner have medical insurance. After discussing the matter with counsel, the court sent back the following reply: "You must be guided by the evidence as you remember it and the instructions provided by the Court." Plaintiff's counsel did not object to this standard response.

Plaintiff's failure to object constitutes a waiver of her allegation of error. A party who witnesses misconduct or error and decides to play a game of chance, cannot later object to the alleged misconduct or error if the result later proves unfavorable. *Welsh v. Burlington Northern R.R.,* 719 S.W.2d 793, 800–801 (Mo. App.1986). Point II is denied.

Next, plaintiff asserts that the trial court erred in giving Instruction No. 7, assessing a percentage of fault to plaintiff because there was no evidence to support it. Plaintiff claims prejudice because she was held to a higher burden of proof than is required under the law and facts.

It is prejudicial error to submit an instruction on comparative negligence where there is no substantial evidence to support it. *Finninger v. Johnson,* 692 S.W.2d 390, 393 (Mo.App.1985). It is not necessary for us to determine if there was sufficient evidence in this case as plaintiff was not prejudiced. Any error was harmless because the jury found plaintiff was not negligent. *Wilson v. Shanks,* 785 S.W.2d 282, 285 (Mo. banc 1990). Point III is, therefore, denied.

In her last point plaintiff argues that the trial court erred in giving Instruction No. 6, the definition of negligence, because the definition used, "highest degree of care," is a standard not applicable to a pedestrian.

Instruction No. 6 was submitted by plaintiff. If there was error, therefore, plaintiff invited it and cannot now complain that she was prejudiced by it. *Sheil v. T.G. & Y. Stores Co.,* 781 S.W.2d 778, 782–783 (Mo. banc 1989). Point IV is also denied.

The judgment of the trial court is affirmed.

REINHARD, P.J., and CRANE, J., concur.