**Vicki Deering FRENCH and John Deering, Appellants,**

v.

**MISSOURI HIGHWAY AND TRANSPORTATION COMMISSION, Respondent.**

**No. WD 50158.**

Missouri Court of Appeals,
Western District.

Oct. 17, 1995.

Max Von Erdmannsdorff, James E. Patterson, Jr., Kansas City, for appellants.

John M. Cave, II, Asst. Counsel, Judy L. Curran, Dist. Counsel, Rich Tiemeyer, Chief Counsel, Mo. Highway & Transp. Comm., Kansas City, for respondent.

Before LAURA DENVIR STITH, P.J., and LOWENSTEIN and HANNA, JJ.

LAURA DENVIR STITH, Presiding Judge.

Plaintiff Vicki Deering French and her husband, John Deering, brought suit against the Missouri Highway and Transportation Commission (MHTC) for injuries resulting from a single car accident at the intersection of Highways J and W in rural Clay County, Missouri near Smithville Lake. Plaintiffs appeal a jury verdict in favor of the Defendant on the grounds: (1) that there was insufficient evidence to support the submission in Instruction No. 8 that Mrs. French was driving at an excessive speed, and (2) that defense counsel made unduly prejudicial remarks during closing argument concerning a matter which he had agreed not to raise at trial. We find that the evidence supported the submission and that the remarks, even if improper, were not objected to and were not so prejudicial as to require remand for a new trial in the absence of an objection. Affirmed.

## I. FACTUAL AND PROCEDURAL BACKGROUND

On September 21, 1991, Plaintiffs Vicki Deering French and her husband, John Deering, were returning to their home in Smithville, Missouri after attending a wedding reception in Plattsburg, Missouri. Mrs. French was driving the couple's automobile in a southerly direction on Highway J. It was approximately 11:30 p.m. The weather was fair, but it was very dark. Neither of the plaintiffs had driven on Highway J before. They chose to drive on Highway J because they were told that taking Highway J to Highway W was the quickest route home from Plattsburg and Mrs. French had to get up early to go to work the next morning.

Mr. Deering testified that they had just come up over a little rise when they saw a sign indicating the junction with Highway W was ahead. He also stated that they were going 50 miles per hour at the time they saw the sign and that the speed limit was 55 miles per hour. They saw no additional signs warning them that the intersection with Highway W was approaching. The evidence at trial was that a "stop ahead" sign is usually present on Highway J as it nears Highway W and that a stop sign is usually present at the junction of the two highways. However, these signs had been knocked down the night before or the day of the accident and the MHTC had not yet been informed that the signs were missing and so had not repositioned them.

Mrs. French testified that when she saw the Highway W junction sign she began slowing down so that she could turn left on Highway W. However, Mrs. French said, because she had not driven on Highway J previously, she was unaware how soon Highway W would come up. She was also unaware that Highway J ended at its intersection with Highway W, making the intersection what is often referred to as a "T-intersection." Mrs. French was unable to stop the automobile at the T-intersection of the two roads. The automobile skidded across the intersection into an earthen embankment.

Plaintiffs brought this suit, alleging that MHTC was negligent in failing to erect and maintain the stop and the stop ahead signs and that MHTC had actual or constructive notice of the absence of the stop sign and stop ahead sign at the intersection yet permitted them to be absent from the intersection for 12 or more hours. They also alleged MHTC was negligent in failing to place larger and more visible warning signs and apparatus at the intersection. Mrs. French alleged personal injury, medical treatment expenses, lost wages and an inability to perform household chores. Mr. Deering sought damages resulting from loss of consortium.

At trial, Plaintiffs presented evidence, without objection, that 25 to 30 accidents had

occurred at the intersection of Highways J and W due to the inability of people to stop in time to avoid swerving into the ditch on the opposite side of the highway, although no details were given about any of the accidents or about the conditions under which they occurred. Plaintiffs' expert stated that the number of accidents at the intersection indicated a need to study the necessity of additional warning signs. If additional signs were added, he said, a large yellow double arrow warning sign would be the recommended choice. Plaintiffs' expert also testified that the small sign indicating the junction with Highway W Mrs. French had seen as she proceeded down Highway J toward the intersection was merely an informational sign and was inadequate to inform or otherwise control vehicular traffic about the proximity of the upcoming T-intersection with Highway W.

At the close of the evidence, the Plaintiffs submitted their case on a single theory. The instruction stated:

### INSTRUCTION NO. 6

In your verdict you must assess a percentage of fault to defendant whether or not plaintiff Vicki Deering French was partly at fault if you believe:

FIRST, the intersection of "J" and "W" Highways was not regulated by adequate traffic signs, and as a result, the intersection was not reasonably safe; and

SECOND, defendant knew or by using ordinary care, should have known of this condition in time to remedy such condition; and

THIRD, defendant failed to use ordinary care to remedy such condition; and

FOURTH, as a direct result of such failure, plaintiff sustained damage.

At MHTC's request, Instruction No. 8 also was given. It instructed the jury to assess a percentage of fault to Mrs. French if she (1) failed to keep a careful lookout, or (2) drove at an excessive speed. Neither party objected to these instructions.

In closing argument, Plaintiff's counsel said, "I'm not trying to criticize the Highway Department or economy or anything like that but certainly the most economical thing to do here and the fairest thing to the driving public is to put up an appropriate [yellow double arrow] sign like the one in Exhibit 12 so that things like this don't happen again." Defense counsel argued that a yellow double arrow sign was not required at the intersection of the Highways J and W because the existing signs were adequate and MHTC had no notice that two of the signs had been knocked down in the preceding 24 hours. He then argued:

> If we come to the conclusion that we've got to have a yellow double arrow at every tee intersection in the state because if it's got to go up at one, it's got to go up everywhere. One intersection is a relatively minor expense. I'll grant you that, but we don't do it in one intersection. If it goes up in a tee intersection here, then it goes up in a tee intersection anywhere in the State of Missouri. That's a lot of money. That's a lot of money from year to year having to hire somebody to go out there and drive the route and make sure that they're not knocked over by vandals so it's not a one-time expense. It's not a small expense. It's something you've got to think about.

Plaintiffs made no objection to this argument. In their rebuttal, they argued that:

> [o]ne of his arguments was if you put one up there, then you have to put them at all the tee intersections. Where did you hear that in the evidence or the instructions from the Court or the Manual of Uniform Highway Safety? You didn't hear it at all. Here's one up at an intersection at Smithville, just a few minutes away from there.
>
> If what he said is true and you put it up at one place, you've got to put it up at all of them, then why wasn't this sign put up there? That's just not a valid argument and I think frankly that reaches out some from what's before us and what the evidence is.

The jury returned a verdict for the Defendant, finding Mrs. French 100% at fault and MHTC 0% at fault. Plaintiffs' Motion for New Trial was denied. This appeal followed.

## II. *NO REVERSIBLE ERROR RESULTED FROM SUBMISSION OF THE ISSUE OF MRS. FRENCH'S COMPARATIVE FAULT FOR TRAVELING AT AN EXCESSIVE SPEED*

Instruction No. 8 permitted the jury to assess a percentage of fault to Mrs. French if the jury believed that she either failed to keep a careful lookout or that she was traveling at an excessive speed, that these acts were negligent and that this negligence caused or contributed to Plaintiffs' damages.

Mrs. French does not contest the language used in the instruction itself, nor does she claim that it was error to instruct on failure to keep a careful lookout. She argues, however, that the trial court erred in submitting the issue of excessive speed because, she says, there was insufficient evidence to support a determination that she was traveling at an excessive speed.

When an instruction submits disjunctive theories of liability or defense, each disjunctive submission must be supported by the evidence. *Wolfe v. Harms,* 413 S.W.2d 204, 210 (Mo.1967). In determining whether adequate support exists in the record, the court must view the evidence in the light most favorable to the proponent of the instruction, giving the proponent the benefit of all reasonable inferences and disregarding evidence to the contrary. *Hartenbach v. Johnson,* 628 S.W.2d 684, 688 (Mo.App.1982).

In this case, the issue is whether the jury could have found, based on the evidence, that Mrs. French was driving at an excessive speed. Plaintiffs say the jury could not do so because the evidence showed that the weather was clear and that she was traveling 5 miles below the speed limit and began to slow when she saw the sign indicating the junction with Highway W, but that she could not stop because of the absence of a stop ahead sign, a stop sign, or a yellow double arrow sign.

The standard of review which we will apply to the issue of instructional error depends on whether or not Plaintiffs have properly preserved this claim for review. Plaintiffs admit they made no objection to Instruction No. 8 prior to submission, although the court gave the parties the specific opportunity to do so. They allege, however, that they were not required to make specific objections to instructions until they filed their Motion for New Trial. In support, they cite *Nakata v. Platte County R–3 School Dist.,* 750 S.W.2d 669 (Mo.App.1988).

Plaintiffs' reliance upon *Nakata* is misplaced. Rule 70.03 (as revised in 1994) requires *specific* objections to instructions be made *prior to submission* of the case to the jury. It states in relevant part:

> Counsel shall make specific objections to instructions considered erroneous. No party may assign as error the giving or failing to give instructions unless that party objects thereto before the jury retires to consider its verdict, stating distinctly the matter objected to and the grounds of the objection.

By failing to comply with Rule 70.03, Plaintiffs failed to preserve the giving of this instruction as error for review. We are thus limited to determining whether the giving of this instruction constituted "plain error" under Rule 84.13, which states that "plain errors affecting substantial rights may be considered by the court, though not raised or preserved, when the court finds that manifest injustice or a miscarriage of justice has resulted therefrom." As Judge Hanna notes in his concurring opinion, such plain error must appear on the face of the judgment.[1]

We have reviewed the submission of excessive speed for manifest injustice, and find none. While this evidence would have

---

1. *See State v. Brown,* 902 S.W.2d 278 (Mo. banc 1995). Judge Hanna further suggests that in order to constitute plain error, the claimed errors must have caused a decision based on hatred, passion or prejudice, citing *Sherpy v. Bilyeu,* 608 S.W.2d 521, 523 (Mo.App.1980), a case involving error in closing argument. While numerous non-closing argument cases have followed *Sherpy* in applying the latter language, they do so without discussion of the fact that this language is not contained in the Rule itself and has never been adopted by the Supreme Court. As the appellant in this case fails to meet any interpretation of the plain error standard, however, we need not address whether a showing of hatred, passion or prejudice should be required in order to find plain error in situations not involving closing argument.

supported a jury determination that Mrs. French was not traveling at an excessive speed, it did not require such a determination. The mere fact that one is not exceeding the speed limit does not preclude a finding of excessive speed. Whether a particular speed is an excessive speed depends not only upon the speed limit but also upon the condition of the highway and all the circumstances and conditions existing at the time in question. *Hartenbach,* 628 S.W.2d at 688; *Howland v. West,* 507 S.W.2d 345, 348 (Mo.1974).

Mr. and Mrs. Deering both testified that they were unfamiliar with Highway J, and that neither of them had traveled on that roadway before. Mr. Deering testified that they chose this route because it was supposed to be the quickest way to get home. Mrs. French testified that it was very dark and late at night. Both admitted that they were looking for the intersection of Highway W as they intended to turn onto Highway W. Yet, although they began slowing when they saw the Highway W sign, they were unable to slow sufficiently to turn at the intersection.

Given this information, sufficient evidence existed from which the jury could determine that, under the existing circumstances and conditions, Mrs. Deering was driving at an excessive speed. Thus, there was no manifest injustice in giving Instruction No. 8.

### III. *STATEMENTS BY DEFENSE COUNSEL IN CLOSING ARGUMENT WERE NOT PREJUDICIALLY ERRONEOUS*

Plaintiffs also allege that reversible error resulted from counsel for MHTC's agreement prior to trial that he would *not* argue that it was not feasible for MHTC to put up a yellow double arrow sign at the intersection. Based on this understanding, the trial court ruled Plaintiffs could *not* introduce evidence that, in fact, MHTC had put up a yellow double arrow sign at the intersection of Highways J and W sometime after Mrs. French's accident.

**2.** It is the burden of the party appealing to file a record supporting its claim of error. Rule 81.12;

Plaintiffs' counsel does not suggest that the ruling excluding this evidence was improper, for such evidence is clearly a subsequent remedial measure and thus is inadmissible to prove negligence, although it may be admissible for other limited purposes. *Wingate v. Lester E. Cox Medical Ctr.,* 853 S.W.2d 912, 917–18 (Mo. banc 1993). Plaintiffs claim, however, that MHTC's counsel put the feasibility of erecting a yellow double arrow sign at issue in his closing argument and that this caused prejudicial error, should have resulted in a mistrial, and requires remand for a new trial. Counsel for MHTC contests Plaintiffs' counsel's recollection of any pretrial discussions regarding feasibility.

Unfortunately, the pretrial conference was not of record and therefore the only basis we have to resolve the parties' competing claims as to what happened at the conference is the trial judge's statements at the hearing on the motion for new trial as to what had occurred at the conference. In denying the motion for new trial, the trial judge said he had "tried to recall the case as best I could as well as recall the instruction conference we had and the tenor of the case" and concluded that MHTC's closing argument "was somewhat unfair in light of some of the pre-trial activities we had" and that "the argument if not misleading is at least unfair in light of the beginning activities that we had on what exhibits can be used."

Even if we were to assume that the trial judge's statements provide a sufficient record on which to conclude that MHTC's counsel partially breached a pretrial agreement not to argue feasibility,[2] we do not believe that Plaintiffs would be entitled to a new trial for, as Plaintiffs admit, their counsel failed to object to MHTC's argument.

Plaintiffs argue that their failure to object to the argument should not preclude review of its propriety because an objection would have been futile in that it would have been too late to introduce evidence that MHTC did put up a double arrow sign at the intersection after the accident. Plaintiffs also suggest that the giving of a cautionary in-

*Clark v. Campbell,* 492 S.W.2d 7, 9 (Mo.App. 1973).

struction would merely have highlighted the issue for the jury and, thus, that there was no point in making an objection, for the trial court would just have given a cautionary instruction.

■ While counsel for Plaintiffs may not have faith in the efficacy of cautionary instructions, such instructions are an accepted and well-respected part of Missouri jurisprudence. *Sampson v. Missouri Pac. R.R. Co.*, 560 S.W.2d 573, 584 (Mo.1978); *Barnes v. Marshall*, 467 S.W.2d 70, 78 (Mo.1971); *Stewart v. Sioux City & New Orleans Barge Lines, Inc.*, 431 S.W.2d 205, 209–10 (Mo. 1968). We appreciate the difficult position in which Plaintiffs' counsel believes he was put by MHTC's argument, and we agree that cautionary instructions are not an effective means *in every case* to cure prejudicial argument. Missouri law is quite clear, however, that it is the trial judge, not counsel, who decides in the first instance whether a cautionary instruction will be adequate. Counsel had no right to ignore his obligation to object and to request a cautionary instruction so that the trial court could exercise its discretion to determine whether a cautionary instruction was either necessary or adequate in the circumstances. *MFA, Inc. v. Dettler*, 817 S.W.2d 658, 662 (Mo.App.1991); *Rinker v. Ford Motor Co.*, 567 S.W.2d 655, 664 (Mo. App.1978); *Sherpy v. Bilyeu*, 608 S.W.2d 521, 523 (Mo.App.1980).

In this case, in denying the motion for new trial, the trial judge specifically stated that he would have sustained an objection and given a cautionary instruction if requested to do so, and that he felt such an instruction would have been adequate to avoid prejudice.[3]

We defer to the trial court's discretion on this issue. Had counsel objected and felt the instruction given was inadequate to cure the prejudice, he could have raised the issue of the adequacy of a cautionary instruction on appeal. By failing to object at all, however, and by failing to ask for a cautionary instruction or to give the trial court a chance to otherwise avoid undue prejudice, Plaintiffs have forfeited any right to raise the improper argument issue on appeal. *Wolfe v. Central Mine Equip. Co.*, 895 S.W.2d 83, 88–89 (Mo. App.1995); *Beis v. Dias*, 859 S.W.2d 835, 841–42 (Mo.App.1993). *See also Kansas City v. Keene Corp.*, 855 S.W.2d 360, 372–73 (Mo. banc 1993) ("Where the defendant failed to make an objection to the argument at trial, the trial court did not abuse its discretion in refusing to grant a new trial.").[4]

For the reasons stated above, we affirm the judgment in favor of defendant.

LOWENSTEIN, J., concurs.

HANNA, J., concurs in separate concurring opinion.

HANNA, Judge, concurring.

Although I agree with the majority's result, I disagree that the facts warrant plain error review under Rule 84.13(c).

In *Fowler v. Park Corp.*, our Supreme Court criticized counsel's failure to register objections at the instruction conference by

---

3. Specifically, the trial judge stated, in relevant part:

[T]he comment that was made was, in the opinion of the Court as a 13th juror, rather insignificant and not something a jury cared about or relied on or probably had anything to do with it. Although I will state that had an objection been made in spite of the argument from the defendant that it's a justifiable argument, I would have not only sustained the objection, I would have been more than happy to instruct the jury that that argument is irrelevant to this cause and an improper argument and the jury is instructed to totally ignore it. I agree that it is, that the argument if not misleading is at least unfair in light of the beginning activities that we had on what exhibits can be used.

I don't think it made much difference in the eyes of the jury. Maybe it did. Assuming that it did, had an objection been made, that would have been my ruling. No objection was made and I don't believe that it reaches that element of plain error.

4. Even were we to review the record for plain error, we agree with the trial judge that this was the type of error which could have been corrected by an instruction. Because of our determination of these issues, we do not reach the question whether MHTC's argument truly controverted feasibility, or was simply an appropriate response to Plaintiffs' argument about the cost of erecting a sign at a single intersection.

remaining silent. 673 S.W.2d 749, 756 (Mo. banc 1984). Since then, the Court has promulgated Rule 70.03, which mandates that counsel make specific objections to instructions "stating distinctly the matter objected to and the grounds of the objection." Here, the trial court at the instruction conference, after delineating the instructions on the record, asked trial counsel, "Those are the instructions that I'm going to offer and the reason for the instructions. Are there any specific objections from ... the plaintiff?" Plaintiffs' counsel responded, "No sir." Appellant has made no request on appeal that we review this point for manifest injustice. Nevertheless, the majority has done so.

The general and well-established rule of law is that the court of appeals' review is limited to those issues first raised before the trial court. *Ibarra v. Missouri Poster & Sign Co.*, 838 S.W.2d 35 (Mo.App.1992).[1] We should not convict the trial court of error unless it had the opportunity to correct the matter. Plain error review is an exception to this well-grounded law and is only used in cases where it is facially obvious there is substantial ground to believe that manifest injustice has resulted. *State v. Brown*, 902 S.W.2d 278 (Mo. banc 1995). There are obvious and compelling reasons for Missouri's rule that failure to object to the closing argument, proffer of evidence or court instructions will exclude the matter from appellate review. Because no objection was made here, the case should be affirmed without further discourse.

The doctrine of plain error is rarely applied in civil cases. *Robertson v. Cameron Mut. Ins. Co.*, 855 S.W.2d 442 (Mo.App.1993). In order for the appellate court to grant relief under the plain error rule, the appellant must "go beyond a mere showing of demonstrable prejudice to show manifest prejudice affecting his substantial rights." *State v. Hornbuckle*, 769 S.W.2d 89, 93 (Mo. banc), *cert. denied*, 493 U.S. 860, 110 S.Ct. 171, 107 L.Ed.2d 128 (1989) and *State v. Parker*, 856 S.W.2d 331, 332 (Mo. banc 1993). The appellant must demonstrate that the

error affected his rights so substantially that a miscarriage of justice or manifest injustice will occur if the error is left uncorrected. *Id.* at 333. The burden is on the appellant to prove the decisive effect on the jury. *Id.* In this case, the appellant has not even requested plain error review, let alone sustained her burden. Appellate review is properly reserved for those situations in which hatred, passion, or prejudice has been engendered causing manifest injustice or a miscarriage of justice. *Sherpy v. Bilyeu*, 608 S.W.2d 521, 523 (Mo.App.1980). This court used the same language in *Pruitt v. Community Tire Co.*, 678 S.W.2d 424 (Mo.App.1984), when considering the exact issue here; whether there was sufficient evidence to support a jury instruction. *Id.* at 430.

"The plain error rule should be used sparingly and does not justify a review of every trial error that has not been properly preserved for appellate review." *State v. McMillin*, 783 S.W.2d 82, 98 (Mo. banc 1990). In *Sherpy*, the defendant argued that any negligence of the plaintiff, however slight, was sufficient to bar her recovery, which was a clear misstatement of the law. Plaintiff's counsel failed to object, giving the trial court no opportunity to take corrective action. This court held the plaintiff waived the objection and in declining to review the issue as plain error stated, "Plain error is not a doctrine available to revive issues already abandoned by selection of trial strategy or by oversight." 608 S.W.2d at 523. A party cannot play a game of chance by failing to object to the alleged misconduct or trial error and then expect appellate review if the result proves unfavorable. *Baumgartner v. Bi-State Dev. Agency*, 811 S.W.2d 63 (Mo.App.1991).

*Brown* instructs that the error must facially cause a substantial belief that manifest injustice has occurred. The jury instruction and argument here fall far short of hatred, passion, or prejudice resulting in manifest injustice or a miscarriage of justice. A cursory inquiry finds the appellant driving her automobile on a dark and unfamiliar county

1. Obvious exceptions are questions of subject matter jurisdiction and sufficiency of the pleadings to state a claim upon which relief can be granted or a legal defense to a claim. *Grippe v. Momtazee*, 696 S.W.2d 797 (Mo. banc 1985).

road at 50 miles per hour. She was unable to slow down to make a turn she expected to make, resulting in her collision with an embankment. These facts do not "facially" establish substantial grounds to believe that speed was not a factor in the accident.

The majority also reviews the closing argument concerning the double arrow sign under the plain error doctrine. The majority's gratuitous plain error review gives the wrong signal to the bar and sets an erroneous precedent.

I would deny both points as waived since there was no objection to the instruction or closing argument and facially there are no substantial grounds to believe that manifest injustice or a miscarriage of justice resulted.